MINNIE M. TAWNEY, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

No. 16,926.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Grounds for Action—Unavoidable Accident.* A cause of action based upon negligence can exist only where the defendant wrongfully fails to perform some duty owed to the plaintiff.

2. ———— *Verdict Inconsistent with the Special Findings.* In an action founded upon negligence, where the jury find that the defendant was not guilty of any of the acts of negligence charged, a verdict in favor of the plaintiff can not be permitted to stand.

Appeal from Franklin district court. Opinion filed March 11, 1911. Reversed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellant.

*Ralph E. Page,* and *Frank M. Sheridan,* for the appellee.

The opinion of the court was delivered by

PORTER, J.:    The plaintiff received injuries in a collision with one of the defendant's engines at a street crossing in the city of Ottawa.    She recovered $830 damages.    The railway company appeals.

The accident occurred about seven o'clock on the evening of December 17, 1906.    The plaintiff was driving a horse attached to a single buggy.    It was a dark night, and there was a cold wind from the north.    The top of the buggy was raised, the side curtains were down, and the plaintiff had her head and ears wrapped up in a shawl.    Tecumseh street runs east and west, and is crossed by four railroad tracks, known as tracks Nos. 1, 2, 3 and 4, the east track being No. 1.    The passenger depot is north of the street, and on the east side of the tracks.    Upon the arrival of the train from Lawrence each evening it was the custom to detach the engine, run it south across Tecumseh street, then back it north across the street on track No. 3, leading to the yards.    Tecumseh street is paved from curb to curb for a width of fifty feet, and planks are laid between the rails and tracks at the crossing.    As the plaintiff approached the crossing from the west, driving at a slow trot, the train was standing on track No. 2, at the north side of the crossing.    The engine was at the south side of the street and headed south, with the headlight burning.    There was a red lantern on the rear of the engine.    The plaintiff testified that when about thirty feet from the second track from the west she leaned forward in her seat, looked in both directions and listened, and did not see or hear any approaching cars; and that she then drove upon the track without

again looking or listening. The engine, which was backing north over the crossing on track No. 3, struck the buggy and pushed it about twelve feet before the· engine was stopped. The wheels of the buggy were damaged, and the horse thrown down, but not injured. The plaintiff was lifted out of the vehicle by a by-stander.

The acts of negligence charged were that the engine was backing at a dangerous rate of speed, at least fifteen miles an hour, without any light on the rear part thereof, and without any person keeping a look-out to see the plaintiff and avoid injuring her, and without giving any signal by bell or whistle or other-wise, so that the plaintiff could see or hear the approaching engine in the darkness.

The special findings of the jury are that the bell of the engine was ringing as it approached the crossing, that there was a light on the rear of the tender of the engine as it backed across the street, that the engineer was looking from the cab toward Tecumseh street as the engine approached, and that he exercised all possible means to stop the engine when he discovered the plaintiff.

A finding that the engine was moving eight miles an· hour was stricken out by the court, on the defendant's motion. The evidence was that it was moving not to exceed six miles an hour, and the other circumstances in the case indicate that it was going at a rate of even less than this. Since the findings of the jury exonerate the defendant from all acts of negligence alleged, the judgment can not be permitted to stand. The jury found that the plaintiff was not guilty of contributory negligence. Conceding that she was not, this leaves a situation where the law declares that the injuries were caused by what was, under the circumstances, an unavoidable accident. (*Dygert v. Bradley*, 8 Wend.

[N. Y.] 469; Anderson's Dict. of Law; 8 Words & Ph. Jud. Def. p. 7149.)

It conclusively appears from the findings that the defendant owed no duty to the plaintiff which it wrongfully failed to perform. As was said in *A. & N. Rld. Co. v. Flinn*, 24 Kan. 627:

"A railroad company can not be made responsible merely because an accident occurs in the operation of its road. The proper and legitimate exercise of a lawful business can never furnish the basis of a cause of action. No person can be held responsible for an unforeseen accident which incidentally occurs while he is in the rightful and proper exercise of his lawful business. As we have before stated, every cause of action must be founded upon a wrong; and it has never yet been held that the mere operation of a railroad is wrong." (p. 640.)

(To the same effect is *A. T. & S. F. Rld. Co. v. Plaskett*, 47 Kan. 107.)

The judgment is reversed and the cause remanded, with directions to enter judgment for the defendant.